*POSTED ON WEBSITE*
*NOT FOR PUBLICATION*

**UNITED STATES BANKRUPTCY COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In re | ) Case No. 16-27672-A-7 |
| | ) Docket Control No. [none provided] |
| DAVID KENNETH LIND, | ) |
| | ) |
| Debtor. | ) |
| | ) |

**This Memorandum Decision is not appropriate for publication.
It may be cited for persuasive value on the matters addressed.**

**MEMORANDUM AND ORDER
RE: MOTION FOR RULE 2004 EXAMINATION
OF ADMINISTRATION OF BANKRUPTCY CASE**

On May 29, 2020, David Lind, the Chapter 7 Debtor in the above captioned bankruptcy case, filed a Motion stating that he is "[r]espectfully motioning the court for a Rule 2004 Examination of the Administration of my Case." Dckt. 826. The Motion provides a background of Mr. Lind's current and prior cases, and identifies what he believes is conduct of the trustee that needs to be "scrutinized in order to unveil the underlying truth." Some of the events discussed relate to the failure to close the sale of property to Robert Panella, an asserted easement, a lot line adjustment, and the choice of real estate broker employed by the Trustee. Mr. Lind also discusses other specific events.

The Motion continues with the following in closing, "[w]e strongly feel that an examination of Spacone's administration of our estate and his accomplices is imperative." Motion, p. 4, last line above signature; Dckt. 826. Mr. Lind then includes a declaration that is attached to the Motion. *Id.* at 5.

**RULE 2004 EXAMINATION**

For general discovery in bankruptcy cases, the Federal Rules of Bankruptcy Procedure provide for the taking of the equivalent of declarations and having the production of documents through what is called a 2004 examination. If an adversary proceeding is filed or there is a pending motion or application to which the discovery relates, then the normal rules of discovery are incorporated into the Bankruptcy Rules. *See* Fed. R. Bankr. P. 7026-7037, 9014(c).

Federal Rule of Bankruptcy Procedure 2004 provides, in pertinent part:

> Rule 2004. Examination
>
> (a) Examination on Motion. On motion of any party in interest, the court may order the examination of any entity.
>
> (b) Scope of Examination. The examination of an entity under this rule or of the debtor under §343 of the Code may relate only to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge. . .
>
> (c) Compelling Attendance and Production of Documents. The attendance of an entity for examination and for the production of documents, whether the examination is to be conducted within or without the district in which the case is pending, may be compelled as provided in Rule 9016 for the attendance of a witness at a hearing or trial. As an officer of the court, an attorney may issue and sign a subpoena on behalf of the court for the district in which the examination is to be held if the attorney is admitted to practice in that court or in the court in which the case is pending. . . .

This is a process to allow a party in interest to conduct discovery in and concerning the bankruptcy case, not a grant of "investigatory authority" for the court to act on its own.

In the present Motion, Mr. Lind is not requesting the authorization to conduct a Rule 2004 examination of any person or the production of documents. Rather, it appears that he is notifying the court of his belief that there has been improper conduct and seeks to have the court initiate an investigation. That is not what is provided for in Rule 2004 and is not the role of the court.

The court not being provided with the request for Mr. Lind to conduct a 2004 examination of any person or for the production of documents, there is no relief to be granted. Though the U.S. Trustee is likely aware of this Motion, the court instructs the Clerk of the Court to forward an informational copy of this Memorandum and Order, and Mr. Lind's Motion, to the U.S. Trustee.

Therefore, upon review of the Motion requesting an examination of this bankruptcy case,

including all parties related to the case and the actions of the Chapter 7 Trustee, the files in this case, and good cause appearing;

**IT IS ORDERED** that there is no relief to be granted pursuant to this Motion. This is without prejudice to any future examination as provided in Federal Rule of Bankruptcy Procedure 2004 that David Lind, the Debtor, may seek to undertake.

The Clerk of the Court shall transmit an informational copy of this Memorandum and Order, and the Motion (Dckt. 826) filed by David Lind, the Debtor, the to U.S. Trustee at the following address:

> The United States Trustee, Region 17
> Attn: Edmund Gee, Asst. U.S. Trustee
> Robert T. Matsui United States Courthouse
> 501 I Street, Ste. 7-500
> Sacramento, CA 95814

The court refers this for information purposes and not as "referral" for action, leaving it to the U.S. Trustee and her staff to determine what, if any, action is appropriate.

Dated: June 02, 2020

By the Court

_____
Ronald H. Sargis, Judge
United States Bankruptcy Court

3

# Instructions to Clerk of Court
### Service List - Not Part of Order/Judgment

**The Clerk of Court is instructed to** send the Order/Judgment or other court generated document transmitted herewith *to the parties below*. The Clerk of Court will send the document via the BNC or, if checked ____, via the U.S. mail.

| **Debtor**(s) | **Attorney for the Debtor**(s) (if any) |
|---|---|
|  |  |
| **Bankruptcy Trustee** (if appointed in the case) | The United States Trustee, Region 17<br>Attn: Edmund Gee, Asst. U.S. Trustee<br>Robert T. Matsui United States Courthouse<br>501 I Street, Ste. 7-500<br>Sacramento, CA 95814 |
| **Attorney(s) for the Trustee** (if any) |  |